IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONDRE TERRELL MCMILLAN | : | CIVIL NO. 3:CV-13-1746 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| LYCOMING COUNTY PRISON, | : | |
| *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

On June 25, 2013, Dondre Terrell McMillan ("plaintiff"), at all relevant times, an inmate incarcerated at the Lycoming County Prison, Williamsport, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants the Lycoming County Prison, Warden Kevin DeParlos, and Deputy Warden Brad Shoemaker. (Doc. 1.) He seeks to proceed in forma pauperis. (Doc. 2.) Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **Standards of Review**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a

claim on which relief may be granted." The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)

In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); see also Iqbal, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"), see also FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

## II. Allegations of the Complaint

Plaintiff alleges that while incarcerated at the Lycoming County Prison his rights were violated when he was refused his legal material and deprived of the use the law library. (Doc. 1, at 2-3.) He states that he filed multiple grievances with the warden and the prison board but they "denied and or refused to responde [sic]. . . ." (Id. at 2.) He alleges that "the prison is responsible because the owners never took action once they were made aware, Kevin DeParlos & Brad Shoemaker." (Id. at 2.) He indicates that he is experiencing pain and suffering because he is now away from his family and living in a rough environment. (Id. at 3.) He is seeking monetary damages and wants a law library placed on the disciplinary lock down blocks at the prison. (Id. at 3.)

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege

3

"the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff names Lycoming County Prison as a defendant. A civil rights action cannot be maintained against the prison because a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977); see also Slagle v. County of Clarion, 435 F.3d 262, 264 n. 3 (3d Cir. 2006) (recognizing that 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws' "). Consequently, the claim against the prison is subject to dismissal.

Plaintiff also names as defendants Warden DeParlos and Deputy Warden Shoemaker asserting that they never took action once they were made aware that his rights were violated. However, liability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual defendant " 'must have personal involvement in the alleged wrongdoing.' " Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)); see also Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Here, plaintiff's complaint fails to establish that defendants DeParlos or Shoemaker personally directed the alleged violation or had actual knowledge of the alleged violation and acquiesced to it at the time it occurred.

To the extent that he is attempting to establish liability based on their role in the grievance process, participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. See Rode, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); Croom v. Wagner, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corrections, No. 06-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). Because plaintiff fails to adequately allege facts of personal involvement on the part of either defendant DeParlos or Shoemaker the complaint against them must be dismissed.

Significantly, even if he had alleged personal involvement on the part of either DeParlos or Shoemaker, the complaint would still be subject to dismissal. To establish a cognizable access to the courts claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a nonfrivolous, arguable claim. Lewis v. Casey, 518 U.S. 343, 350 (1996); see also Christopher v. Harbury, 536 U.S. 403, 415 (2002); Monroe

5

v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) (noting that the complainant "must describe the underlying arguable claim well enough to show that it is 'more than mere hope' "). Moreover, the claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement. Lewis, 518 U.S. at 355 ("Impairment of any other litigating capacity is simply one of the incidental . . . consequences of conviction and incarceration."). Furthermore, a prisoner must demonstrate that no other remedy will potentially compensate for the lost claim. Monroe, 536 F.3d at 205. Because plaintiff has not alleged sufficient facts to present a prima facie case of denial of access to the courts, his complaint cannot proceed past *sua sponte* screening and must be dismissed for failure to state a claim upon which relief may be granted.

## IV. Leave to Amend

When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Darr v. Wolfe, 767 F.2d 79, 80–81 (3d Cir. 1985); Kauffman v. Moss, 420 F.2d 1270, 1276 (3d Cir.1 970); I–Keim Smith v. Lt. J. Price, No. 11–1581, 2012 WL 1068159, at *5 (M.D.Pa. Mar. 5, 2012). The federal rules allow for liberal amendments in light of the "principle that the

6

purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Although the action will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), plaintiff will be afforded the opportunity to amend his complaint.

V. **Conclusion**

For the reasons set forth above, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, plaintiff will be afforded the opportunity to amend to set forth factual allegations in support of his denial of access to the courts claim.

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: July 11, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DONDRE TERRELL MCMILLAN | : | CIVIL NO. 3:CV-13-1746 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| LYCOMING COUNTY PRISON, | : | |
| *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, to wit, this ⟨11⟩ day of July 2013, in accordance with the foregoing Memorandum, it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and is GRANTED.

2. Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. If plaintiff can correct the deficiencies of his complaint by including factual allegations in support of his claim, he may FILE a motion to reopen this matter on or before August 1, 2013. Said motion shall be accompanied by a proposed amended complaint.

4. Any proposed amended complaint shall contain the same case number that is already assigned to this action (3:13-CV-1746) and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

5. The Clerk of Court is directed to CLOSE this case.

6. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).[1]

BY THE COURT:

/s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

---

[1] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257–58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In the matter *sub judice*, if plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen his case accompanied by a proposed amended complaint.