IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONDRE TERRELL MCMILLAN | : | CIVIL NO. 3:CV-13-1746 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| LYCOMING COUNTY PRISON, | : | |
| *et al.*, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Dondre Terrell McMillan ("plaintiff"), a Pennsylvania state inmate formerly incarcerated at the Lycoming County Prison, Williamsport, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2013, naming as defendants the Lycoming County Prison, Warden Kevin DeParlos, and Deputy Warden Brad Shoemaker. (Doc. 1.) Plaintiff sought to proceed in forma pauperis. (Doc. 2.) Obligatory preliminary screening revealed that the complaint was subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). On July 22, 2013, a Memorandum and Order issued granting plaintiff in forma pauperis status and dismissing the complaint. (Doc. 5). However, plaintiff was granted leave to amend his complaint to cure the deficiencies noted in the Court's Memorandum. (Id.)

On September 17, 2013, he filed an amended complaint naming as defendants "the owners of lycoming county prison," the "commissioner of adult services for the city of williamsport," Warden Kevin DeParlos and Deputy Warden Brad Shoemaker. (Doc. 10, at

1.) Because he is proceeding in forma pauperis, the Court is obligated to screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I. **Standard of Review**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)

In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and requiring

2

plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); see also Iqbal, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"), see also FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

## II. Allegations of the Complaint

Plaintiff alleges that defendants deprived him of his federal rights while he was incarcerated at the Lycoming County Prison. (Doc. 10, ¶ 9.) Specifically, he alleges that Deparlos and Shoemaker deprived him of his rights because, despite his submission of multiple request slips and grievance appeals, "no displinary [sic] inmate[s] are allowed to utilize the law library therefore hidering [sic] [his] criminal case." (Id. at ¶ 10.) He asserts that the owners of the prison are liable because "they own the institution" and "therefore created or accepted the policy" that defendants DeParlos and Shoemaker "set in place." (Id. at ¶ 10.) He asserts that since the commissioner of adult services is responsible for operating and maintaining detention, penal, and correctional institutions within the City of Williamsport, he, too, violated his federal rights. (Id. at ¶ 3.) He is seeking monetary damages and requests that a law library be placed on every disciplinary block at the prison.

3

(Id. at ¶ 11.)

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff asserts that the owner of the Lycoming County Prison, Lycoming County, is responsible for the policies of DeParlos and Shoemaker simply because they own the prison. In order to sue a municipality or other government body under Section 1983, Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1992), a plaintiff must establish: (1) the municipality had a policy or custom that deprived him of his constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) his injury was caused by the identified policy or custom.

4

Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403–04 (1997) (citing, *inter alia*, Monell, 436 U.S. at 690–91, 694). A municipal policy is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a government] body's officers." Monell, 436 U.S. at 690; see also Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) (holding that a "[p]olicy is made when a 'decisionmaker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict.")(citation omitted). Such a policy "generally implies a course of action consciously chosen from among various alternatives." City of Okla. City v. Tuttle, 471 U.S. 808, 823 (1985). Limiting liability to identifiable policies ensures that municipalities are only liable for "deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Bd. of the County Comm'rs v. Brown, 520 U.S. at 397, 403–04.

Plaintiff fails to allege any of the elements necessary to sustain a Monell claim against Lycoming County. He does not identify a statement, ordinance or regulation, adopted by the county's officers that deprived him of his constitutional rights. Nor does he allege that the county acted deliberately to deprive him of his rights. And, he fails to aver that his alleged injury was caused by an identifiable statement, ordinance or regulation. Consequently, the complaint will be dismissed as to the owner of the prison, Lycoming County.

Plaintiff seeks to impose liability on the Commissioner of Adult Services for the City of Williamsport based on his responsibility for operating and maintaining detention,

5

penal, and correctional institutions in the City of Williamsport. (Doc. 10, ¶ 3.) Liability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual defendant " 'must have personal involvement in the alleged wrongdoing.' " Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)); see also Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08; see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208. Plaintiff fails to allege that the commissioner was personally involved by playing an "affirmative part" in the alleged denial of access to the law library. Instead, he seeks to impose liability based on his supervisory role in operating and maintaining various correctional institutions. The complaint against the commissioner is therefore subject to dismissal. Rode, 845 F.2d at 1207-08.

Likewise, he seeks to hold defendants DeParlos and Shoemaker liable based on their supervisory roles, rather than their personal involvement. He fails to allege that either defendant had actual knowledge of the alleged denial of access to the law library

and acquiesced in it at the time it occurred. He simply alleges that these defendants failed to take action once they were made aware that he was not allowed to utilize the law library. Furthermore, to the extent that he attempts to establish liability based on their role in the grievance process, participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. See Rode, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); Croom v. Wagner, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corrections, No. 06-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). Because plaintiff fails to adequately allege facts of personal involvement on the part of either defendant DeParlos or Shoemaker the complaint against them will be dismissed.

Significantly, even if he had alleged personal involvement on the part any of the defendants, the complaint would still be subject to dismissal. To establish a cognizable access to the courts claim, a prisoner must demonstrate that he has suffered an actual

injury to his ability to present a nonfrivolous, arguable claim. Lewis v. Casey, 518 U.S. 343, 350 (1996); see also Christopher v. Harbury, 536 U.S. 403, 415 (2002); Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) (noting that the complainant "must describe the underlying arguable claim well enough to show that it is 'more than mere hope' "). The claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement. Lewis, 518 U.S. at 355 (Finding "Impairment of any other litigating capacity is simply one of the incidental . . . consequences of conviction and incarceration.") And an "actual injury" does not occur without a showing that a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented. Lewis, 518 U.S. at 354–56. Furthermore, a prisoner must demonstrate that no other remedy will potentially compensate for the lost claim. Monroe, 536 F.3d at 205.

Plaintiff simply alleges that the denial of access to the law library hindered his criminal case; no actual injury is identified. Because he has not alleged sufficient facts to present a prima facie case of denial of access to the courts, his complaint cannot proceed past *sua sponte* screening and must be dismissed for failure to state a claim upon which relief may be granted.

## IV. Leave to Amend

When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000). Because plaintiff was afforded the opportunity to amend his

complaint and cure the above-stated deficiencies, and he failed to do so, it would be futile to allow him another opportunity to amend.

V. **Conclusion**

For the reasons set forth above, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). An appropriate order follows.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: November 12, 2013